Health Care Services, and the Office of Civilian Defense and Medical Program, Department of Health and Human That's actually exactly like the cases you were describing. Seeking declaratory relief against the government with regard to the applicability of a statute or regulation where the decision in the district court would ultimately lead to a recovery of damages by the plaintiff from the United States. So I think that the mere fact that they named the government as a defendant or a declaratory judgment claim doesn't make the fact that the government is a defendant an irrelevance here. And I think the other thing... You would not argue that this case would come out differently had they not added Claim 2, Count 2, right? You would say it's the same case. I take it. I would have a more difficult argument, but I would say it should come out in the same place. And the reason being that I think if you look at the complaint, this is not... When you look at the briefs, they're trying to say, well, what we allege in our complaint was that Humana agreed to pay more than the government thought. Assume that we were going to apply the true nature doctrine here. Why is it necessarily so that your view prevails? Would your client judgment prove? Is this an instance where they need to sue the U.S. government to get at the fisk? No, there's no evidence in the record. I'm not a defendant. Okay. I'm just saying, if you take the true nature doctrine and you say, I need to have an analytic construct for applying it in any case, what are the parameters of applying the doctrine on the facts of this case that would lead me to conclude that the true desire here is for the plaintiff to recover from the government as opposed to recovering from you? Well, I think it's a combination of several facts. One is that you have a complaint that instead of making the case that Humana agreed to pay more than the limits, devotes most of its efforts to saying that the limits are invalid, void, inapplicable, and so forth. It strikes me, and tell me if this is the wrong characterization, but just to state it in one sentence, you'd like to step aside and let the hospitals and the government duke it out, right? I mean, your position is that to the extent that there's any problem with the sequence of events that has transpired here about which the hospitals are complaining, it's a problem that is attributable to the government's conduct. That's correct. And you'd like to be basically in the position of just, after you fellows have settled this whole thing, then we'll get back into it. I think that might be a little bit of an overstatement in that we have said that to the extent that anybody wants to bring us in as a third party in the Court of Federal Claims, we will be there. And we do play a role in administering. But you don't want to be carrying the whole load at this point, right? Indeed, if this case goes back to the district court without the government and on this complaint, we're going to have a very perverse incentive, which is to say, okay, let's make sure that the district court holds that those policies and regulations are invalid, because then we're going to be in the best possible position to recover from the government whatever judgment gets entered here. And so it is a three-corner controversy at most. And to us, the two parties with the real interest are, on the one hand, the hospitals, and on the other hand, the government. I guess I'll run over. We will save the rest of your time. Thank you. Thank you. Now we have Mr. Chadwick for the government, I believe,  Yes, Your Honor. My task is to be very brief. The jurisdictional issue, Your Honors, is not at all complicated. Humana has never denied that it has had entered into contracts with the hospitals. Those contracts are in the record. If you look at the complaint that the counsel for Humana invited you to do, beginning at page 62 of the joint appendix, and read count one, I presume the court probably has already, it begins and ends saying, count one does, this is an action for breach of contract against Humana. And in more than sufficient notice pleading terms, goes on approximately nine paragraphs and explains what the contraction dispute is. That, plus diversity of citizenship, is more than enough to establish jurisdiction for these two contractual parties to have a dispute in the district court. That should be at the beginning and the end of the analysis of whether this case has to go to the court of federal claims, whether the hospitals have to change their claims, change the defendant they're suing, and go to a different court, whether they have to do that. There's simply no legal basis requiring them to do that. Do you have a question, Your Honor? Humana has made a couple of arguments. One is that the hospitals could, if they wanted to, go to the court of federal claims and sue the government. That would be an issue of first impression. As you would expect me to say, we don't agree with that, but it's really irrelevant because they haven't gone to the court of federal claims. The other issue that's addressed more in Humana's brief is the idea that Humana will ultimately recover from the government the amounts, any amount that's held liable here in this case, to the hospitals for. Even assuming that's true, that's a simple indemnification type of argument. I've been on the losing end of indemnification cases in this court. I know the court well knows that that's an independent claim by the alleged indemnity to go to the alleged indemnitor to seek its money. It's also the case that if you get this far in the analysis and you simply look at Humana's managed care contract, it's complicated, the reimbursement scheme. The one thing you will certainly come away with is an understanding that it's not a simple fiscal intermediary or a simple indemnification contract with respect to Humana. There's a sharing of risks, sharing of overruns and underruns with the government, a complicated recalculation formula that varies periodically. It is just simply not the case that it's in any way automatic, even if that were relevant, which I don't think it is, but that it's in any way automatic that Humana would recover these amounts from the government. Unless there are questions, I'll conclude there. Thank you. Mr. Daniel. Your Honor, and please, the court. First of all, the issue we think is, in fact, a very simple contract issue. And as Your Honor has pointed out, if one looks at it from the converse, how could we have a claim against the government? We could have a claim against the government either because we have privity with the government or we could have a claim because of some money-mandated statute on which we have a claim. It is very clear, and I think even Mr. Wellington, in his response, or lack thereof to Your Honor, conceives there is no privity with the government. In fact, the undisputed facts that were before the lower court, the facts to which Humana agreed, include Mr. Atkins' affidavit. In Mr. Atkins' affidavit, he says that the nature of the relationship between the government and these managed care support contractors changed in the mid-'60s, excuse me, the mid-'90s. They are no longer fiscal intermediary contracts. They are at-risk contracts. They are contracts by which providers like Humana can make a profit. They make a profit by administering the health care services to which they're responsible in an efficient kind of way. This is a contract between Humana and these hospitals. In fact, in the contract that Humana has with the government, they are required to set up this network. And Mr. Atkins, in his affidavit, again undisputed in this record, in paragraph 14 of his affidavit, specifically says that these managed care support contractors like Humana can contract with providers like these hospitals and can pay them amounts necessary to get them in the network. What they cannot do is use health care dollars to do that. What they can do is use administrative dollars. And there are two components to their contract with the government, the health care pricing and the administrative pricing. They can use the administrative pricing, the administrative dollars that they receive, to do that. That does not change in any way the fact that this is a contract between these hospitals and Humana, purely and simply. Interestingly, this issue was specifically dealt with by the Sixth Circuit in a case that was recently decided. And in that case, the Sixth Circuit specifically found that there was no basis for Humana's contention, as they contend here, that the issue was the government made us do it, basically, as a defense. And in that case— Does your client have any claim against the government? Should you want to bring it under a money mandating statute? No, sir. I don't think we do. We don't have a claim against the government. We have a claim pursuant to our contract with Humana. Assume for a moment you did have a claim, hypothetically. Let's assume that your client had a claim that they could bring against the government in the interstices of the facts of this case for monetary recovery. But assume that they also have a contract with Humana, so they have two persons from whom they might be able to recover money. Yes, sir. Are you aware of any case that has an election of remedies that would require you to go to the court? I am not, Your Honor. And I think that Your Honor has hit directly on the point, although, frankly, in all candor, I don't think we have a claim against the government for the reasons that you pointed out a minute ago. We have no privity. There is no money mandated statute that allows us, a provider, a provider who is contracted with Humana under this system, to go directly against the government. Well, suppose that you have a claim against Humana, the claim you asserted, and for money against Humana, and suppose that Humana, purely hypothetically, should go into bankruptcy and simply not be answerable for your claim. Would you have any recourse at all against the government as standing behind Humana? Not that I'm aware of, frankly. Well, you might mount one in a hurry. Excuse me? You might mount one in a hurry if Humana went into a tank. I mean, you're not going to walk away from your client without a fight. Yes, sir. And the nature of this contract is that there are certain monies that are paid to Humana on a regular basis for health care costs and administrative costs. I would think that if they went bankrupt, the government would still be obligated to pay into that bankrupt estate those monies, and we would have a claim as a creditor in that bankruptcy in order to recover the contractual money we're entitled to. We may end up getting 50 cents on the dollar or some limited amount, but we would have a claim, again, in the bankruptcy court. But when you look at the issue of privity, again, they're certainly not privity, and when you look at the case of dealing with money-mandated statutes, we don't fit in that category. But if the government should decide that it's just going to stop paying Humana, you have no recourse. That would be a suit against the government if Humana simply says, we'd love to pay you, but the government has cut us off. Totally unjustifiable, but they've done it. You could argue you were a third-party beneficiary of the government's contract with Humana. Now we have an action by you. I'm going to get you there one way or another. The claim is not a claim by virtue of the typical avenues. You would then start looking at common-law kinds of avenues like that, third-party beneficiary kinds of avenues. But even then, this is a system by which Humana is paid on a regular, periodic basis. It's not going to happen. I think that's the bottom line, frankly. I could stand here and go on and take the rest of my time, but in all candor, I think you've hit directly on the issue. Whether this regulation and policy that Mr. Wellington wants to talk about is valid or not does not change the contract. It does not change their ability on the undisputed facts in this record. It does not change their ability to contract with these hospitals to be providers, and it does not change their obligation to honor those contracts. Thank you. No one is ever penalized for not using all of his time. Thank you. Mr. Wellington has a little time. Well, first of all, on the question of whether they have a direct right, they stand up here and tell you they don't. We quite laboriously, perhaps too laboriously in our briefs, but we wanted to make sure that the court had a full understanding. We laid out how it is that there is an assignment of the rights of the beneficiaries to the hospitals, and they simply waive it off without any kind of explanation as to why that is not. But you can't force them, right? Even if the hospital had a cause of action they could mount in the court of federal claims, there's no election of remedies that requires them to go there, does it? Correct. If they want to pursue a contract claim against your client. Correct. There is no election of remedies. You use the fact that you believe that they do have a cause of action against the government as a weight in your argument as to how the true nature of the claim ought to be. Correct. We're not relying on election remedies. We're relying on the true nature, and I think if you look at the fact that it's a complaint filed by assignees of government benefits arising out of disputes. The problem I have with your theory is that I was imagining last night when I was thinking about your case the whole series of contracts that are written in the financial world quite frequently where one party agrees to do something with another private party, and they key an aspect of their performance to something the federal government is doing. Federal funds rates, they key it to something that the treasury is doing. So that the actual computation of how much money the loser is going to have to pay the winner requires the federal government to show up and explain in a big chicken fight over exactly what the federal government's role in the private dispute is. Correct. So I said to myself, if you're right, then all those cases are going to have to end up in a court-filed claim where they don't belong. I mean, when the people on Wall Street start fighting with each other and they typically will have many aspects of federal law baked into their theories, why does that convert the case to one in which the United States government is a real party in interest? I think it's a completely different case, Your Honor, because the government would have absolutely I mean, this goes back to the question of government money. The government would have no skin in that case at all. It's purely a dispute between private parties. Here, if they succeed in their case and they get the ruling from the district court that says these government policies or regulations are invalid, that's not very different. For example, in Christopher Village, which is one of the cases cited in that passage from Doe that I just read, in Christopher Village, this court actually took the extraordinary step of deeming a Fifth Circuit decision to be void for lack of jurisdiction, where essentially what was happening there was that the plaintiff was seeking a declaratory judgment in district court that it would use as a predicate to then come into the court of federal claims and recover damages based on res judicata from the district court decision. And that's what they did, and it came up on appeal to this court. And you all said, sorry, that's void, because the true nature of that case was a claim against the government. Now, this case is not exactly like this case, but I think it's highly analogous in that what we're going to have here is a judgment from the district court that is going to either be res judicata or it's going to be highly persuasive with regard to the court of federal claims as to whether or not Humana, in turn, can say, look, if it's void, then we're entitled. I mean, we're subject to the same rules. Both the policies are incorporated in both. Mr. Chadwick doesn't seem troubled by that, though. In the case you cited, those are all cases when the government comes racing in and says, oh, no, you can't go into a district court and get a declaratory judgment that you owe me a million dollars, government, and then walk into the court of federal claims and say sign the check. I mean, that's pretty straightforward. But the government isn't coming in here and saying this is really a transparent effort by the hospitals to try to get at us without giving us an opportunity to defend. And so I don't know that the analysis really works. Well, Judge Clevenger asked me the same question last time I was here, and I don't think I answered it very well, but I thought about it in the meantime. First of all, if Mr. Chadwick walked in naked and said he had a nice new suit on, you wouldn't accept that. If he said he didn't want a suit, we wouldn't force one on him. Of course he doesn't want a suit. Not this one anyway. Exactly. The Justice Department's position just doesn't stand up to scrutiny. Their own witnesses admitted that they will have to pay at least 80 percent, if not 100 percent of the cost. And that's, under the Key Tam cases, 80 percent is clearly enough to make you a real party in interest, because there the government's share is 75 percent. And so the question is why are they taking this position? Judge Plager, in a recent law review article, made the observation that the last thing the Department of Justice chooses is to address a case on the merits. And I think that probably explains why they're not coming in and taking a position that this is, in effect, a case against the government. There's a case that's been cited to us. It was cited to us earlier, the Sixth Circuit case, and now there's been a remand decision in the district court, I believe, that the other side threw up to us. And it looked to me like your client was taking a licking in that case, in a very, very comparable type situation to what we have here. I don't want to interrupt you. So I'm saying to myself, have the parade of horribles that you've advanced to us that's going to happen if we allow this case to go forward in the district court, has that already happened in the Sixth Circuit case? You need to just answer that question briefly, because your time is well expired. Not at all. That case is completely different. That's a case where the contract specifically said that Humana would pay more than DRGs, which are the government limit for inpatient services. And we did not raise a jurisdictional issue in that case. We did not move the trip. I was not counsel for Humana in that case. Humana did not raise any of these issues in this case. There was no attack on the government's regulations or policies. It was purely a matter. That's what I'm saying. This is the case that they didn't plead, that they now wish they would. Thank you, Mr. Willington. The case will be taken under advisement. And that concludes our arguments for this morning. Thank you.